**Clinton SEWELL, M.D., and Caricare Medical Services, P.C., Plaintiffs–Appellants**

v.

**The 1199 NATIONAL BENEFIT FUND FOR HEALTH HUMAN SERVICES, Defendant–Appellee.**

No. 07–2641–cv.

United States Court of Appeals, Second Circuit.

Dec. 18, 2008.

Vivia L. Joseph Esq., Law Office of Vivia L. Joseph, Cambria Heights, NY, for Plaintiffs–Appellants.

Jeffrey G. Stein Esq., Jennifer J. Middleton Esq., Levy Ratner, P.C., New York, NY, for Defendant–Appellee.

PRESENT: WILFRED FEINBERG, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant, Clinton Sewell,[1] proceeding *pro se*, appeals from a May 7, 2007 order of the District Court granting attorney's fees and costs in the amount of $148,275.69 to defendant-appellee. Prior to that proceeding defendant prevailed at trial against plaintiff's claim under the Employee Retirement Income Security Act ("ERISA") alleging that defendant wrongfully withheld payments for medical services provided to defendant's beneficiaries. Defendant also prevailed on appeal. *See Sewell v. 1199 Nat'l Ben. Fund,* 187 Fed.Appx. 36 (2d Cir.2006). Before this Court, plaintiff argues that the District Court erred in granting defendant's motion because it concluded "without sound basis" that plaintiff brought suit in bad faith.[2] Appellant's Br. at 10. We assume parties' familiarity with the facts and procedural history of this case.

1. Although plaintiff Caricare Medical Services P.C., a separate legal entity, timely filed a notice of appeal, it has not filed a brief with this Court. Dr. Sewell, a *pro se* non-attorney, may not represent Caricare. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct *their own cases* personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." (emphasis added)); *Eagle Assocs. v. Bank of Montreal,* 926 F.2d 1305, 1308–10 (2d Cir. 1991) (adopting the view that "[§ 1654] does not allow for unlicensed laymen to represent anyone else other than themselves," and specifically holding that a layman may not repre- sent a separate legal entity); *see also* Second Cir. Local Rule 46(d)(2) (providing that a corporation may not appear pro se and that papers will not be filed on behalf of the corporation if counsel does not enter an appearance). We therefore dismiss plaintiff Caricare's appeal.

2. We construe plaintiff's pleadings liberally. *See Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191 (2d Cir.2008) (noting that "when [a] plaintiff proceeds pro se, ... a court is obliged to construe his pleadings liberally" (internal quotation marks omitted) (alterations in original)).

In an ERISA action, a district court "in its discretion may allow a reasonable attorney's fees and costs of action to either party." 29 U.S.C. § 1132(g)(1). As Congress has committed the decision whether to grant attorney's fees in a particular case to the discretion of the District Court, we review the Court's determination only for abuse thereof. *See Paese v. Hartford Life Accident Ins. Co.,* 449 F.3d 435, 450 (2d Cir.2006). A district court abuses its discretion when its ruling amounts to a mistake of law or rests on factual findings that are clearly erroneous. *See, e.g., In re Nortel Networks Corp. Sec. Litig.,* 539 F.3d 129, 134 (2d Cir.2008).

For substantially the reasons stated by the District Court in its thorough and well-reasoned order of May 7, 2006, we hold that the award of attorney's fees was appropriate in this case. *See Chambless v. Masters, Mates & Pilots Pension Plan,* 815 F.2d 869, 871 (2d Cir.1987) (listing five factors ordinarily considered whenever a court awards attorney's fees and costs in an ERISA action). Therefore, the order of the District Court is AFFIRMED.